**McGuireWoods LLP**
Timothy M. Rusche (SBN 230036)
trusche@mcguirewoods.com
Peter J. Choi (SBN 306763)
pchoi@mcguirewoods.com
355 S. Grand Ave., Suite 4200
Los Angeles, CA  90071-3103
Telephone:  213.627.2268
Facsimile:  213.627.2579

Attorneys for Defendant
GEODIS LOGISTICS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS ARIAS, an individual, | CASE NO. |
| Plaintiff, | [Los Angeles County Superior Court Case No. 25CMCV00476] |
| vs. | **DEFENDANT GEODIS LOGISTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]** |
| GEODIS LOGISTICS, LLC, a Tennessee limited liability company, and DOES 1-10, inclusive, | |
| Defendants. | *[Filed concurrently with Declaration of Ben Bodzy; Declaration of Ricardo Cisneros]* |

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Geodis Logistics, LLC hereby removes the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of its request, Defendant states as follows:

**I.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

1.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. § 1441(a) since Plaintiff's citizenship is diverse from that of Defendant and the amount in controversy is more than $75,000, exclusive of interest and costs.

**II.    STATE COURT ACTION**

2.    On March 21, 2025, Plaintiff Alexis Arias ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *Alexis Arias, an individual v. Geodis Logistics, LLC, a Tennessee Limited Liability Company and DOES 1 through 10, inclusive* ("Complaint"), Case No. 25CMCV00476.

3.    The Complaint asserts causes of action for: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of Labor Code § 6310; (3) Violation of Labor Code § 1102.5; (4) Failure to Pay Overtime Wages in Violation of Labor Code §§ 510, 1194, 1198; (5) Failure to Provide Meal Periods in Violation of Labor Code §§ 226.7, 512; (6) Failure to Provide Rest Periods in Violation of Labor Code § 226.7; (7) Failure to Timely Pay Wages in Violation of Labor Code § 210; (8) Failure to Provide Accurate Wage Statements in Violation of Labor Code § 226; (9) Waiting Time Penalties under Labor Code § 203; (10) Unlawful Business Practices in in Violation of Business & Professions Code § 17200; and (11) Accrued Premium Wages.

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

4.       True and correct copies of the Complaint and Summons served on Defendant as of this date are attached hereto as Exhibits A and B, respectively. *See also* Declaration of Peter J. Choi ("Choi Dec."), ¶ 2, Exs. A-B. The only other documents served on Defendants as of this date are the Notice of Case Assignment, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and State of Location, and Alternative Dispute Resolution Information Package, true and correct copies of which are attached hereto as Exhibits C through F, respectively. *See also* Choi Dec., ¶ 3, Exs. C-F.

5.       On August 21, 2025, Defendant answered the Complaint in the California Superior Court for the County of Los Angeles, a true and correct copy of which is attached hereto as Exhibit G. *See also* Choi Dec., ¶ 4, Ex. G (Geodis's Answer). Accordingly, Exhibits A and B constitute all process, pleadings, and orders served to date in this action. 28 U.S.C. § 1446(a).

## III.    TIMELINESS OF REMOVAL

6.       On July 22, 2025, Geodis Logistics, LLC was served with the Summons and the Complaint. *See* Choi Dec., ¶ 2. Accordingly, this Notice of Removal is timely since it is filed within thirty (30) days of service of the Summons and Complaint on Defendant. 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

## IV.    DIVERSITY JURISDICTION

### A.       <u>Plaintiff Is a Citizen of California</u>

7.       For removal purposes, diversity is determined at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567 (2004) ("[t]his Court has long adhered to the rule that subject-matter jurisdiction in diversity cases depends on the state of facts that existed at the time of filing"). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994). Objective facts that can establish a plaintiff's domicile include, but are not limited to, location of real property, place of employment, and payment of taxes. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

8.     At the time this action was filed, Plaintiff admits that she "is a resident of the State of California, County of Los Angeles." *See* Choi Dec., ¶ 2, Ex. A (Complaint) ¶ 29. Geodis Logistics, LLC employed Plaintiff as a Warehouse Supervisor, first based out of its facility in Fontana, California, and thereafter primarily assigned to its facility in Carson, California. *Id.*, Ex. A (Complaint) ¶ 2.

9.     Plaintiff provided Geodis Logistics, LLC, with a California residential address to be used for employment-related correspondence, tax, and payroll purposes. Declaration of Harrie L. Stewart ("Stewart"), ¶ 4. Moreover, Geodis Logistics, LLC deducted California state withholding from Plaintiff's paychecks. *Id.*

10.     A background search from Accurint reflects that Plaintiff continues to reside in California since termination of her employment by Geodis Logistics, LLC. *See* Choi Dec., ¶ 5, **Exhibit H** (redacted Accurint background search results). The background search contains an address summary that reflects an address for Plaintiff in Riverside County, California, going back to at least March 2023. *Id.*

11.     Plaintiff's admission that she is a resident of Los Angeles County, her employment in California, her provision of a California residential address to her

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

employer, and a background search, all establish that Plaintiff is domiciled in California with no intent to depart.

12.    Accordingly, Plaintiff is, and has been since this action commenced, a citizen of the State of California.

**B.    Geodis Logistics, LLC, Is Not a Citizen of California**

13.    At the time of the filing of this action, and at all relevant times, Geodis Logistics, LLC, was citizens of a state *other* than California, within the meaning of 28 U.S.C. § 1332(c)(1).

14.    For diversity purposes, a limited liability company is a citizen of every state in which its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Where the members of a limited liability company themselves are limited liability companies, citizenship is determined by examining the citizenship of each member limited liability company until a corporate or individual owner is reached. *See Lindley Contours, LLC. v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011) (explaining that if a limited liability company defendant has a limited liability corporation as a member, "the citizenship of each individual member of these entities must be alleged (and if these members included partnerships, limited partnerships, or limited liability corporations, the citizenship of each individual member of those entities must be alleged—and so on)"). Therefore, the citizenship of Geodis Logistics, LLC is determined by looking at the citizenship of its members.

15.    Geodis Logistics, LLC, is now, and was at the time this action commenced, a limited liability company organized under the laws of Tennessee, whose sole member is Ozburn-Hessey Holding Company, LLC. *See* Declaration of Ben Bodzy ("Bodzy Dec.") ¶ 5. Geodis Logistics, LLC's headquarters is in Brentwood, Tennessee, which is where senior leadership directs, controls, and

coordinates all corporate planning and strategies, and it is where the majority of its executive and administrative functions take place. *Id.* These functions include final decision-making and oversight of the following operations and divisions: financial, legal, compliance, safety, technology, engineering, marketing, and procurement. *Id.* Geodis Logistics, LLC's policies and procedures in connection with these operations and divisions are primarily formulated in the Tennessee. *Id.* Geodis Logistics, LLC's executive officers are primarily based in Tennessee, including its Chief Executive Officer-President, Vice Presidents, Directors of Operations, Information Technology and Project Finance, Deputy General Counsel and Associate General Counsel. *Id.*

16. Ozburn-Hessey Holding Company, LLC, is now, and was at the time this action commenced, a limited liability company organized under the laws of the State of Delaware, whose sole member is OHH Acquisition, LLC. *Id.* ¶ 6.

17. OHH Acquisition, LLC, is now, and was at the time this action commenced, a limited liability company organized under the laws of the State of Delaware, whose sole member is Geodis America, Inc. *Id.* ¶ 7.

18. Accordingly, Defendant Geodis Logistics, LLC, is a citizen of the state(s) in which Geodis America, Inc. is a citizen. *See*, *e.g.*, *Johnson*, 437 F. 3d at 899 (trial court correctly denied motion for remand where defendant was a limited partnership whose partners were limited liability companies, and none of the LLCs was a citizen of the same state as plaintiff).

19. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *See also Davis v. HSBC Bank Nevada, NA.*, 557 F. 3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)). When determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Under the "nerve center" test, the principal place of business is the state

where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters. *Id.*; *see also Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters was located, where the corporate officers worked, and from where corporate policies and procedures arose). Thus, the "nerve center" is where "its executive and administrative functions are performed." *Industrial Tectonics, Inc., v. Aero Alloy*, 912 F. 2d 1090, 1092-93 (9th Cir. 1990).

20.     Geodis America, Inc. is incorporated in Delaware with its headquarters and principal place of business also in Brentwood, Tennessee, and it is from there that its officers direct, coordinate, and control its business operations. Bodzy Dec., ¶ 8. Accordingly, Geodis America, Inc. is, and has been since this action commenced, a citizen of Tennessee and Delaware.

21.     As a result, Geodis Logistics, LLC is, and has been since this action was filed, a citizen of Tennessee and Delaware. *See Johnson*, 437 F. 3d at 899.

**C.     The Citizenship of All Doe Defendants Must be Disregarded**

22.     Plaintiff has alleged damages in the Complaint against Does 1 through 10. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1 through 10, does not deprive this Court of jurisdiction.

**D.     The Amount in Controversy Requirement Is Satisfied**

23.     It is well-settled that the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prevail on every claim asserted in her complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also Cabrera v. South*

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

*Valley Almond Co., LLC*, 2021 WL 5937585, at *9 (E.D. Cal. Dec. 16, 2021) ("courts must assume, in estimating amounts in controversy, that plaintiffs will prevail on their claims as pleaded." (citing to *Burns v. Windsor Ins. Co*, 31 F.3d 1092, 1096 (11th Cir. 1994)); *Meredith v. e-MDS*, 2014 WL 2612112, at *3 (E.D. Cal. June 11, 2014) ("Of course, for purposes of determining the amount in controversy, the Court must assume that Plaintiff will prevail on all of his claims…").

24.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied here because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996). However, evidentiary submissions are not required at the time of removal. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (holding that defendant need not prove the amount in controversy in notice of removal). "Instead, evidence showing the amount in controversy is required '*only when* the plaintiff contests, or the court questions, the defendant's allegation.'" *Id*., (emphasis added).

25.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *see also Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction).

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

26. In determining the amount in controversy, a court must consider a plaintiff's alleged aggregate damages, including general damages, special damages, punitive damages, and attorneys' fees. *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963) (punitive damages may be considered in determining amount in controversy where recoverable under state law).

27. Here, Plaintiff alleges that Defendant wrongfully terminated her employment in violation of public policy after she reported unsafe working conditions. *See* Choi Dec., ¶ 2, Ex. A (Complaint), ¶ 4. Plaintiff further alleges that Defendant misclassified her as an exempt salaried employee. *Id.,* Ex. A (Complaint), ¶ 13. To that end, Plaintiff alleges that Defendant failed to pay overtime, provide meal and rest periods, pay premium wages, provide accurate wage statements, and timely pay wages. *Id.,* Ex. A (Complaint), ¶¶ 15-27. Additionally, Plaintiff alleges that Defendant engaged in unlawful business practices. *Id.,* Ex. A (Complaint), ¶ 84-90.

28. Generally, should Plaintiff prevail at trial, it is more likely than not that she would recover more than $75,000 in damages, since there have been numerous verdicts in wrongful termination cases entered in favor of plaintiffs in California where the damages awarded exceeded $75,000, which do not reflect inflation for many years. *See, e.g., Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct., Oct. 15, 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Martin v. Arrow Elecs.*, 2006 WL 2044626 (C.D. Cal. June 12, 2006) (award of $380,306 to employee who was

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

wrongfully terminated based upon the disabilities developed during her employment); *Shay v. TG Constr., Inc.*, 2002 WL 31415020 (Ventura County Sup. Ct., Jan. 2002) (award of $462,500 to employee wrongfully terminated on basis of disability).

29.     As discussed in detail below, the amount in controversy requirement is easily satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum. *See Sanchez*, 102 F. 3d at 404; *Arias*, 936 F.3d at 925.

30.     ***Plaintiff's Past and Future Lost Wages Due to Her Wrongful Termination Establish The Amount In Controversy***. Plaintiff alleges that she "has suffered and continues to suffer substantial losses incurred in earnings, bonuses, deferred compensation and other employment benefits" and seeks "loss of income" and "loss of future income." *See* Choi Dec., ¶ 2, Ex. A (Complaint)*, ¶¶* 21, 40, 45, 51.

31.     A plaintiff alleging wrongful termination may seek both back pay and front pay. *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1444 (E.D. Cal. Mar. 20, 2018). For purposes of determining the amount in controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal, and front pay as the wages lost from the date of removal until trial. *Olvera v. Quest Diagnostics*, 2019 WL 6492246, *2 (C.D. Cal. Dec. 2, 2019) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002)). If a trial date has not been set, courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay. *Olvera*, 2019 WL 6492246, *2 (plaintiff's lost back wages and lost future wages alone satisfied $75,000 amount in controversy) (citing *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019) and citing *Fisher v. HNTB Corporation*, WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018)); *see also Alvarez v. Interstate Hotels*, LLC, 2019 WL 77133, *3 (C.D. Cal. Jan. 2, 2019) (lost past wages, and lost future wages based

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

on a trial date one year after plaintiff filed her complaint, were properly considered in determining amount in controversy).

32.   Here, Plaintiff was employed as a Warehouse Supervisor by Geodis Logistics, LLC, from on or about March 2016, until on or about March 10, 2022. *See* Choi Dec., ¶ 2, Ex. A (Complaint)*, ¶ 2. At the time of Plaintiff's termination, Plaintiff earned a $60,000 annual salary or $5,000 monthly salary. *Id.,* Ex. A (Complaint), ¶ 14. Thus, Plaintiff's alleged lost wages from the date of her employment termination on March 10, 2022 to August 21, 2025 (the filing of this Notice of Removal) is approximately **$205,000** ($5,000/month x 41 months). Moreover, assuming that this action proceeds to trial within one year from August 21, 2025, Plaintiff's lost future wages claimed would be approximately **$60,000** ($60,000 annual salary x 1 year). Thus, assuming trial would be set one year from the time of this removal filing, Plaintiff's alleged total lost past and future wages would be at least **$265,000** ($205,000 + $60,000).[1]

33.   ***Emotional Distress Damages Exceed $75,000***. In addition to alleged lost wages, Plaintiff seeks to recover damages for "emotional distress, mental anguish, embarrassment, humiliation and anxiety all to her damage in an amount to be proved at trial." *See* Choi Dec., ¶ 2, Ex. A (Complaint)*, ¶¶ 40, 45, 51.

---

[1] Defendant expressly reserves its right to supplement its removal submissions to rely on exposure from Plaintiff's remaining claims and other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy, including, without limitation, by including any lost benefits in calculating the amount in controversy—which would ***increase*** the amount in controversy.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("a removing defendant's notice of removal 'need not contain evidentiary submission'"); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534–535 (9th Cir. Mar. 20, 2012) (holding court erred in refusing to consider evidence of amount in controversy submitted *after* removal in response to a remand motion).

34.     A review of jury verdicts in California demonstrates that emotional distress awards in similar cases commonly exceed $75,000. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in wrongful termination case); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in wrongful termination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $5,600,000 in non-economic damages in constructive discharge in violation of public policy case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a wrongful termination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a wrongful termination case); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury award of $1,500,000 in non-economic loss to employee in wrongful termination action); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal. Dec. 15, 2010) (jury award of $150,000 in non-economic loss to employee in action for tortious termination in violation of public policy); *Vaughn v. CNA Cas. of California*, 2008 WL 4056256 (C.D. Cal. Feb. 28, 2008) (award of $300,000 in past and future non-economic loss to employee in retaliation action); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress where employer found to have retaliated against plaintiff for filing a workers' compensation claim in violation of public policy).

35.     In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount in controversy where the plaintiff's wage loss was only $55,000. Accordingly, based on Plaintiff's Complaint and the estimate accepted by the Ninth Circuit in *Kroske* (a 2005 case that has not accounted for the inflation in the 20 years since the *Kroske* decision issued), Defendant

12

conservatively estimates that the minimum value of Plaintiff's emotional distress damages for her purported "severe emotional distress" if she were to prevail (as must be presumed for purposes of removal) would be **at least $132,500** (approximately half of her estimated lost wages) for purposes of calculating the reasonable amount in controversy in this action.

36.    ***Meal Period Penalties Add to the Amount in Controversy***. Plaintiff also claims that Defendant misclassified her as exempt and that "at no time during Plaintiff's employment… was Plaintiff provided … with uninterrupted meal periods as required by law." *See* Choi Dec., ¶ 2, Ex. A (Complaint)*,* ¶ 20. Plaintiff seeks "to recover premium wages for each workday that a compliant" meal period "was not provided." *Id.,* Ex. A (Complaint), ¶ 64. The money owed for a missed meal period is one hour of pay. Labor Code § 226.7.

37.    At the time of Plaintiff's termination, Plaintiff earned an annual salary of $60,000, which equates to an hourly rate of pay of $28.85 ([52 weeks per year X 40 hours per week] ÷ $60,000 = $28.85).

38.    The statute of limitations for a meal period claim is three years, arguably extended to four years due to the unlawful business practice claim. Plaintiff alleges that "one or more of Plaintiff's 30-minute meal periods were not provided or interrupted approximately ***6 times per week***." *Id.,* ¶ 25 (emphasis added). As such, Defendant estimates Plaintiff's recovery of unpaid meal period premiums is **$36,004.80** ($28.85 hourly rate X 6 interrupted meal periods per week X 208 weeks during four-year statute of limitations = $36,004.80).

39.    ***Claims Not Included in Amount in Controversy Calculation***. In calculating and establishing the amount in controversy exceeds $75,000, Defendant has not even considered the amounts at issue on Plaintiff's claims for failure to provide rest periods, failure to pay wages timely during employment, failure to timely pay wages upon termination of employment, and inaccurate wage statements. Each of these amounts can be included in the amount in controversy and would

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

necessarily increase the calculations set forth herein. Defendant has not included Plaintiff's recovery for these claims in its calculation of the amount in controversy in this Notice of Removal, but expressly reserves, and does not waive, its right to supplement and/or amend its removal submissions to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy should it be challenged by Plaintiff.

40. ***Attorneys' Fees and Costs Exceed $75,000***. Plaintiff also claims that she is entitled to recover attorneys' fees and costs on her claims. *See* Choi Dec., ¶ 2, Ex. A (Complaint)*,* Prayer for Relief, ¶¶ 10-11. Under California Labor Code section 1102.5(j), "the court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action."

41. In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Fritsch v. Swift Transp. Co. of Ariz.*, LLC, 899 F.3d 785, 794 (9th Cir. 2018); *see Galt*, 142 F.3d at 1155–1156 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

42. Indeed, "a court ***must*** include ***future*** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emphasis added); *see also Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465 at *6 (N.D. Cal. Mar. 1, 2012) ("[a]ttorneys' fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction") (citing *Guglielmino v. McKee Foods Corp.*, 696 F.3d 696, 700 (9th Cir. 2007)). Moreover, the Ninth Circuit has made clear that in addition to attorneys' fees accrued at the time of removal, future fees incurred after removal should be considered: "if the law entitles the plaintiff to future attorneys' fees if the

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

action succeeds, then there is no question that future [attorneys' fees] are at stake in the litigation, [ ] and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch*, 899 F.3d at 794 (emphasis added); *see also Alvarez*, 2019 WL 77133, *3 (C.D. Cal. Jan. 2, 2019) (future attorneys' fees properly considered in determining amount in controversy).

43.   Here, if successful, Plaintiff would be entitled to an award of attorneys' fees that by itself "more likely than not" would exceed $75,000. Courts have awarded far more than $75,000 in attorneys' fees in cases involving claims analogous to Plaintiff's claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct., Sep. 29, 2010) (awarding approximately $160,000 in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct., Sep. 16, 2006) (attorneys' fees award of $490,000 for claims including discrimination case); *Lopez v. Bimbo Bakeries USA, Inc.*, 2009 WL 1090375, at *18–21 (Cal. Ct. App. Apr. 23, 2009) (affirming trial court's award of $1 million in attorneys' fees in wrongful termination action).

44.   Additionally, Defendant anticipates depositions being taken in this case, and that ultimately, Defendant will move for summary judgment or summary adjudication. *See* Choi Dec., ¶ 6. Based on defense counsel's experience, attorneys' fees in wrongful termination and retaliation cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *Id.*

45.   ***Punitive Damages***. Finally, Plaintiff also seeks to recover "punitive and/or exemplary damages" on her wrongful termination and retaliation claims alleged in the Complaint. *See* Choi Dec., ¶ 2, Ex. A (Complaint), ¶¶ 41, 46, 52;

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

Prayer for Relief, ¶¶ 10-11. Accordingly, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport*, 325 F.2d at 787 (punitive damages must be considered where recoverable under state law). Moreover, a court may consider the aggregate value of claims for compensatory and punitive damages. *See Bell v. Preferred Life Ass'n Soc'y of Montgomery, ALA et al.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount") (Footnote omitted).

46.    Courts have affirmed jury verdicts in discrimination cases, where the punitive damages award alone exceeded $75,000. *See Lopez*, 2009 WL 1090375, *10–18 (affirming *$2 million* punitive damages award on plaintiff's FEHA discrimination/wrongful termination claims); *Bio-Nutraceutical Inc. v. Sharma*, 2016 WL 3345728 (Ventura County Sup. Ct. March 25, 2016) ($725,000 jury verdict including $250,000 for punitive damages in wrongful termination case); *Bardon v. Microvention, Inc.*, No. 1510290031, 2015 WL 6523743 (Orange County Sup. Ct. April 7, 2015) (jury verdict of $200,000 in damages and $500,000 in punitive damages in disability discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damages award of $1.9 million equal to the compensatory damage award was appropriate in a discrimination case).

47.    In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 403, 425 (2003), the U.S. Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." While Defendant could easily utilize the 2:1 ratio that *State Farm* found to be "instructive," other courts in this district have held that a 1:1 ratio between punitive damages and compensatory damages "provides a reasonable, if not 'conservative,' estimate for assessing punitive damages for purposes of calculating the amount in controversy." *See, e.g., Johnson*

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

*v. Wal-Mart Associates, Inc.*, 2023 WL 2713988 at *7 (Mar. 30, 2023). Utilizing the smallest ratio of 1:1 (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the compensatory damages at issue for the wrongful termination and retaliation claims in this action (which do not include unpaid wages and penalties based on Labor Code wage and hour violations), the ***minimum*** punitive damages award in this action is approximately **$397,500** [($265,000 + $132,500) = $397,500].

48. Here, jurisdiction is clear since the Complaint places **$906,004.80** at issue, exclusive of interest and costs. Plaintiff alleges in the Complaint that she is entitled to recover for past and future lost income through the anticipated trial date (one year from this filing), which alone are approximately $265,000 through trial as demonstrated above, plus emotional distress damages of $132,500, punitive damages of $397,500, and attorneys' fees of at least over $75,000, as described above. Further, Plaintiff's recovery on her meal period claim (exclusive of any recovery she may be entitled to for her other Labor Code wage and hour claims) is $36,004.80. Accordingly, the jurisdictional threshold is clearly exceeded.

49. Since complete diversity exists between Plaintiff and Defendant, and the amount placed in controversy by the Complaint easily exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, this Court has original jurisdiction of this action pursuant to 28 U.S.C § 1332(a). This action is therefore properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

**V.    VENUE**

50. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(b), 1391(b), 1441 and 1446(a) because this action is being removed from the Superior Court of the State of California for the County of Los Angeles.

/ / /

/ / /

/ / /

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

## VI.    NOTICE OF REMOVAL

51.    Notice of this removal will promptly be served on Plaintiff and her counsel as well as filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

## VII.    PRAYER FOR REMOVAL

52.    WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: August 21, 2025          McGuireWoods LLP


By:  /s/ Timothy Rusche
_____
Timothy M. Rusche
Peter J. Choi
Attorneys for Defendant
GEODIS LOGISTICS, LLC

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067-1501.

On August 21, 2025, I served the following document(s) described as **DEFENDANT GEODIS LOGISTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Abdul "Sal" Walcil | Reza Sina |
| SAW LAW GROUP | SINA LAW GROUP |
| 22736 Vanowen Street, Ste 300 | 3727 W. Magnolia Blvd, #277 |
| West Hills, CA 91307 | Burbank, California 91505 |
| *sal@sawlawgroup.com* | *reza@sinalawgroup.com* |
| | |
| Attorney for Alexis Arias | Attorney for Alexis Arias |

☒ **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted electronically to the above addressees. (C.C.P. § 1010.6)

☐ **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 21, 2025, at Los Angeles, CA.

_____
Matthew Whitney

NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]